UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elisamir C.A., | Civil No. 26-1315 (DWF/DTS) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

## INTRODUCTION

This matter is before the Court on Petitioner Elisamir C.A.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2). (Doc. No. 6.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

## BACKGROUND

Petitioner is a citizen of Colombia and a resident of Hopkins, Minnesota. (Doc. No. 1 ¶¶ 1, 8, 13.) He has lived in the United States since November 2023. (*Id.* ¶ 13.) He has no criminal record. (*Id.* ¶ 15.) He has four children between the ages of seven

and twenty-five. (*Id.* ¶ 16.) Petitioner has a pending asylum application and is not subject to a final order of removal. (*Id.* ¶¶ 1, 14.)

On February 10, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") as he was leaving his home. (*Id.* ¶ 1, 17.) Fifteen ICE agents—wearing masks and tactical vests and driving unmarked vehicles—intercepted Petitioner in his driveway. (*Id.* ¶ 17.) They photographed Petitioner's license plate, arrested him, and left his vehicle abandoned. (*Id.*) The agents did not present Petitioner with an arrest warrant. (*Id.*) Petitioner was first brought to the Whipple Federal Building in Minnesota. (*Id.* ¶ 18.) He was then moved to an ICE detention facility in El Paso, Texas.[1] (Doc. No. 6 at 1.) Respondents are now working to return Petitioner to Minnesota. (*Id.*) At the time of filing, Petitioner's counsel attempted to locate him, but the ICE detainee locator listed no results.[2] (Doc. No. 1 ¶¶ 8, 18.)

Petitioner filed the Petition on February 10, 2026. (*Id.* at 18.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the

---

[1]   Based on the record, it appears that Respondents violated the Court's order enjoining them from moving Petitioner out of Minnesota while this action is pending. The Court will not order contempt proceedings at this time, so long as Petitioner is promptly returned to Minnesota and released.

[2]   Respondents do not challenge the Court's jurisdiction to hear this Petition. (*See* Doc. No. 6.) Nonetheless, the Court notes that it has jurisdiction because the location of Petitioner at the time of filing was unknown. *See Rumsfeld v. Padilla*, 542 U.S. 426, 450 n.18 (2004) (creating an exception to the district-of-confinement rule for habeas jurisdiction when the person's location is unknown).

Administrative Procedure Act.  (*Id.* ¶¶ 37-53.)  Petitioner requests, among other things, release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226(a).  (*Id.* at 17.)  On February 10, 2026, the Court ordered Respondents to answer the Petition on or before February 12, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order.  (Doc. No. 4.)  Respondents filed a response.  (Doc. No. 6.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That authority includes jurisdiction to hear habeas challenges to immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  (Doc. No. 6.)  Respondents summarize the legal basis for their interpretation of the mandatory detention provision under § 1225 but, in doing so, raise only arguments previously rejected by the Court.  As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute.  *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026).  Section 1225 applies to "applicants for

3

admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for over two years and has a pending asylum application. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Respondents argue that Petitioner's pending asylum application warrants categorization as an applicant for admission because he is seeking admission through asylum. (Doc. No. 6 at 5-6.) The Court has already considered and rejected this argument. *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026). The fact that a petitioner is an applicant for asylum does not change the Court's § 1225 analysis.

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detention and provide documents of such (*see* Doc. No. 4), Respondents did not do so,

4

(*see* Doc. No. 6). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner:

    a. In Minnesota;

    b. With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

      c.      Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll and complete an "Alternatives to Detention" program;

      d.      Without any tracking devices or use of a tracking application; and

      e.      With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

6. Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

7. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

8. Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 12, 2026                s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge