**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Elisamir C.A.,

Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-1315 (DWF/DTS)

**ORDER**

On February 12, 2026, the Court granted Petitioner Elisamir C.A.'s petition for writ of habeas corpus and ordered Petitioner's immediate release. (Doc. No. 8 at 5.) The Court directed that Respondents release Petitioner "[w]ithout any conditions on release, including but not limited to requiring Petitioner to sign an 'Order of Release on Recognizance' or requiring Petitioner to enroll and complete an 'Alternatives to Detention' program." (*Id.* at 6.) Further, the Court ordered Respondents to "provide the Court with a status update confirming Petitioner's release" by February 15, 2026. (*Id.* at 5.)

Respondents timely filed a status update confirming that Petitioner was released on February 13, 2026. (Doc. No. 10.) Respondents attached Petitioner's detention

history as proof of his release. (Doc. No. 10-1.) That history shows that Petitioner was released with an "Order of recognizance." (*Id.* at 1.)

The Court specifically declared that Petitioner's detention was unlawful and ordered his release without conditions. Respondents violated that order by imposing conditions on Petitioner's release. It is improper to impose conditions on someone's release after they have been unlawfully detained. The Court orders that these conditions be revoked by Respondents.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondents are directed to revoke all conditions placed on Petitioner's release from unlawful detention.

2. Respondents shall file a status report confirming that any and all conditions placed on Petitioner's release have been revoked, no later than 12:00 p.m. CT on February 19, 2026. Respondents must attach any documents that confirm the conditions were revoked.

3. If Respondents fail to timely file the status report or fail to revoke the release conditions, the Court will issue an order to show cause why Respondents should not be held in contempt, and a contempt hearing will be scheduled.

Dated: February 17, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge